# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50946

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2016

Lyle W. Cayce
Clerk

THREE LEGGED MONKEY, L.P.,

      Plaintiff - Appellant

v.

CITY OF EL PASO TEXAS; EMMA ACOSTA, In Her Official Capacity as City Representative for District Three of El Paso, Texas; JOYCE WILSON, In Her Official Capacity as City Manager of El Paso, Texas; STEVE ORTEGA, In His Official Capacity as City Representative for District Seven of El Paso, Texas; JOHN F. COOK, In His Official Capacity as Mayor of the City of El Paso; SUSANNAH M. BYRD, In Her Official Capacity as City Representative for District Two of El Paso, Texas; ANN MORGAN LILLY, In Her Official Capacity as City Representative for District One of El Paso, Texas,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CV-360

Before REAVLEY, HAYNES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

      Three Legged Monkey, LP, which operated a sports bar in El Paso from 2003 to 2013, appeals the dismissal on summary judgment of its 28 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50946

§ 1983 claims that the City violated its constitutional protections against unreasonable searches and its rights to due process and equal protection. These claims center on inspections of and regulatory demands on the bar, which were driven largely by complaints from people who lived nearby.

"We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Having reviewed the briefs and record, we agree with the district court that there is no triable issue whether Three Legged Monkey's constitutional rights were violated and, in any event, no showing that any violations were attributable to the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

The Fourth Amendment's general rule against warrantless administrative searches does not apply to establishments with liquor licenses, which have "long [been] subject to close supervision and inspection." *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 76–77 (1970). This is because, in Texas as elsewhere, "the owner of a closely regulated industry, such as that involving liquor, is considered to have a reduced expectation of privacy in the premises." *Crosby v. State*, 750 S.W.2d 768, 774 (Tex. Crim. App. 1987) (en banc) (discussing *Colonnade Catering*, 397 U.S. at 72); *see also* Tex. Alco. Bev. Code § 101.04(a) ("By accepting a license or permit, the holder consents to . . . a peace officer entering the licensed premises at any time to conduct an investigation or inspect the premises for the purpose of performing any duty imposed by this code."). Considering this reduced expectation of privacy, Three Legged Monkey has not pointed to evidence showing a triable issue whether the City conducted inspections that were unjustified by valid regulatory

2

motives or otherwise unreasonable. Thus, the district court properly granted summary judgment on the Fourth Amendment claims.

The district court also correctly dismissed Three Legged Monkey's substantive due process claims. The Due Process Clause protects against arbitrary government action. *See County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998). Executive action violates the clause's substantive aspect only if it "shocks the conscience." *Id.* at 846; *accord Jordan v. Fisher*, 813 F.3d 216, 224 (5th Cir. 2016). This is an "extremely high" standard "requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state law, even violations resulting from bad faith to something more egregious and more extreme." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel Keys*, 675 F.3d 849, 868 (5th Cir. 2012) (en banc) (quoting *J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010)). Three Legged Monkey's cited evidence, at best, shows that the City aggressively enforced valid regulations and responded to citizen complaints, and used its leverage to encourage Three Legged Monkey's landlord to terminate the bar's lease after a long string of problems—including a fatal shooting at the bar. This is not conscience-shocking conduct that violates substantive due process.

Three Legged Monkey's claims under the Equal Protection Clause also fail. Usually, an equal protection plaintiff alleges that she was treated differently due to membership in a protected class. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). Three Legged Monkey instead relies on the doctrine that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Id.* "We review such claims under a two-prong test: the plaintiff must show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in

treatment." *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012). Three Legged Monkey identifies no other bar or similar entity that presented similar regulatory issues yet was treated more favorably by the City. Nor has the appellant shown that the City acted without rational basis when it increased enforcement at the bar in response to complaints, required Three Legged Monkey to hire fire-safety guards while it worked on becoming fire-code compliant, or took any other actions supported by record evidence.

Even if there were a genuine issue of material fact on any of Three Legged Monkey's § 1983 claims, summary judgment would still be appropriate. These claims all target the City and its officers in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (explaining that official-capacity suits are treated as suits against the governmental entity). There is no vicarious municipal liability under § 1983; rather, plaintiffs "must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell*, 436 U.S. at 691). Establishing municipal liability requires proof of (1) a policymaker who can be charged with actual or constructive knowledge of (2) an official policy or custom that (3) was the moving force behind a constitutional violation. *See Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010); *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010). Though Three Legged Monkey argues in conclusory fashion that several City employees were "policymakers" aware of a custom of violating its rights, the appellant fails to show that the City delegated to any of them policymaking authority—which is "more than discretion" and "far more than the final say-so" on a given decision, *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984) (en banc).

For these reasons, we AFFIRM the district court's judgment.[1]

---

[1] We need not decide whether any of Three Legged Monkey's claims are time-barred.